# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:11cv556

EDDIE LAREECE PITTMAN, )
)
    Plaintiff, pro se, )
) **MEMORANDUM**
v. ) **OPINION AND ORDER**
)
ARCHER WESTERN CONTRACTORS, )
JOHN MCCUBBIN, and REGGINALD A. )
CAMPBELL, )
)
    Defendants. )

    This matter is before the court for a review of the *pro se* plaintiff's application to proceed *in forma pauperis*. For the reasons set out below, the application will be granted for the limited purpose of entering this order, the clerk will be directed to file the complaint, and the complaint will be dismissed with prejudice.

    **I.    Facts**

    Plaintiff seeks to proceed *in forma pauperis*. Accordingly, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Plaintiff alleges in his complaint that he was an employee of defendant Archer Western Contractors. His complaint arises out of incidents that occurred while he was assigned to assist Archer Western Contractors in a construction project at Fort Bragg, North Carolina, from mid-August 2010 until mid-December 2010. The pro se complaint does not indicate how plaintiff's employment was terminated, but an email written by plaintiff and attached to the complaint indicates that plaintiff voluntarily ended his employment. *See* Compl. Ex. A ("I did not complain about [the discrimination] until I quit the assignment after giving 2 weeks notice in order to move to another state.").

In his pro se complaint, plaintiff purports to assert claims under Title VII for race discrimination, sexual harassment, and "level or ranking of position." Plaintiff's sexual harassment claims are based on his allegations that one of his co-workers who was allegedly homosexual, sexually harassed plaintiff by inappropriately touching plaintiff, including one time "actually interlocking his arm into mine then getting in my face." Plaintiff also contends that defendants' conduct was discriminatory with respect to his "disability," which he identifies as a "stress disorder." In support of the claim regarding plaintiff's stress disorder "disability," plaintiff alleges only that he has a stress disorder and that he was "basically mocked at various times" by co-workers. Therefore, it appears that plaintiff is also attempting to assert a disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

**II.    Analysis**

Plaintiff alleges in his pro se complaint that the alleged discriminatory acts occurred between September 2010 and mid-December 2010. He further alleges that he filed charges with the Equal Employment Opportunity Commission ("EEOC") in July or August 2011. As to plaintiff's Title VII and ADA claims, a plaintiff must file an EEOC Charge within 180 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA). Here, by plaintiff's own allegations, he did not file an EEOC Charge within 180 days of the last alleged discriminatory act. That is, even if the last discriminatory act occurred in mid-December 2010, plaintiff would have been required to file his EEOC Charges by mid-June 2011. Furthermore, the pleadings attached to the complaint include a letter from the EEOC to plaintiff stating that it had no record that plaintiff filed any EEOC Charges. *See* Compl. Ex. C. For this reason alone, plaintiff is barred from proceeding on his ADA and Title VII claims in this court. Therefore, the court will dismiss the complaint *sua sponte* under Section 1915(e)(2).

**III. Conclusion**

For the foregoing reasons, Plaintiff's ifp application is **GRANTED** for the limited purpose of entering this order. The clerk is **DIRECTED** to file the complaint, and the complaint is dismissed with prejudice.

Signed: November 28, 2011

Max O. Cogburn Jr.
United States District Judge

4